# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEMIRDJIAN,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM SULLIVAN, Warden,<br><br>    Respondent. | Case No. CV 04-8245-GHK (JTL)<br><br>ORDER TO SHOW CAUSE WHY FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

On March 15, 2007, Michael Demirdjian ("Petitioner"), a prisoner in state custody, filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 in the United States District Court for the Central District of California. Thereafter, on July 11, 2007, William Sullivan ("Respondent") filed a Motion to Dismiss First Amended Petition for Writ of Habeas Corpus ("Motion to Dismiss"), contending that the First Amended Petition should be dismissed because certain claims alleged therein are unexhausted. Petitioner filed an Opposition to the Motion to Dismiss ("Opposition") on November 1, 2007. Respondent filed a Reply to the Opposition ("Reply") on November 8, 2007.

On December 3, 2007, the Court issued an Order Granting and Denying Respondent's Motion to Dismiss and Dismissing First Amended Petition for Writ of Habeas Corpus with Leave

to Amend, dismissing the Petition as a "mixed" petition.[1]  Petitioner was ordered to notify the Court within ten (10) days of his election of one of the following options: 1) inform the Court that he elects to abandon the unexhausted claims in their entirety, or only as to the unexhausted portions of the claims, and pursue this action solely on the basis of his remaining exhausted claims, by filing a Second Amended Petition on the approved Central District habeas form that deletes the unexhausted claims in their entirety, or the unexhausted portions thereof or 2) file a Notice of Intent to Voluntarily Dismiss First Amended Petition, informing the Court that he wishes to voluntarily dismiss the entire First Amended Petition without prejudice in order to return to state court for the purpose of exhausting his state remedies on all claims and later file another habeas petition in federal court containing only exhausted claims.  (See Court's December 3, 2007 Order).  Petitioner's response to the December 3, 2007 Order was due no later than December 13, 2007.  As of the date of this Order, no response has been filed by Petitioner.

Therefore, because Petitioner has failed to comply with the Court's December 3, 2007 Order, the Court **ORDERS** Petitioner to show cause in writing why the First Amended Petition should not be dismissed for failure to comply with the Court's Order and failure to prosecute this case.  Petitioner's Response to the Court's Order to Show Cause shall be due within seven (7) days of the date of this Order.  Petitioner's failure to respond to this Order to Show Cause will be deemed as consent to the dismissal of this case, and the case will be dismissed without prejudice.

DATED: January 16, 2008

                                                /s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[1] See Rose v. Lundy, 455 U.S. 509, 522 (1982) (a federal habeas corpus petition that includes both exhausted and unexhausted claims is a "mixed petition" and should be dismissed in its entirety without prejudice").